·BEN HOLTON, *Plaintiff in Error,* v. THE STATE OF FLORIDA, *Defendant in Error.*

## Opinion Filed June 7, 1915.

1. An application for a continuance of a cause is addressed to the sound discretion of the court, and the action of the trial court thereon will not be reversed unless there has been a palpable abuse of that discretion to the injury of the accused.

2. Evidence examined and found sufficient to support the verdict.

Writ of error to Circuit Court for Volusia County; Jas. W. Perkins, Judge.

Judgment affirmed.

*J. E. Alexander,* for Plaintiff in Error;

*T. F. West,* Attorney General, and *C. O. Andrews,* Assistant, for the State.

SHACKLEFORD, J.—Ben Holton seeks relief here from a conviction of the crime of murder in the first degree. Only two assignments of error are argued before us, the first of which is that the court erred in denying the defendant's motion for a continuance. We have repeatedly held that "An application for a continuance of a cause is addressed to the sound discretion of the court, and the action of the trial court thereon will not be reversed unless there has been a palpable abuse of that discretion to the injury of the accused." Adams v. State, 56 Fla. 1, 48 South. Rep. 219, where other decisions of this court will be found collected. We have also laid down certain requisites for the granting of a continuance,

as will appear from the case just cited. It is sufficient to say that such requirements were not complied with in the instant case and no abuse of the discretion vested in the trial judge has been made to appear to us, therefore this assignment must be held to have failed.

The second assignment is based upon the overruling of the motion for a new trial. The only ground of this motion urged before us questions the sufficiency of the evidence to support the verdict. No useful purpose could be accomplished in setting out the evidence. We have carefully read the same and have no hesitancy in declaring that it is amply sufficient. Several eye-witnesses testified fully as to the details of the crime. The defendant himself admits that he shot and killed the deceased, but attempts to justify his act, though unsuccessfully, consequently this second assignment must be held not to have been sustained. It follows that the judgment must be affirmed.

TAYLOR, C. J., AND COCKRELL, WHITFIELD AND ELLIS, JJ., concur.